IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KAREEM MILHOUSE,**

    Plaintiff,

v.         //     CIVIL ACTION NO. 1:14CV56
                (Judge Keeley)

**TERRY O'BRIEN, Warden,
FANNING, Chief Psychologist,
GREGORY MIMS, Clinical and Medical
Director, JOHN DOE, Associate
Warden of Programs, JOHN DOES 1-10,
UNITED STATES, FBOP, CHRISTOPHER
MEYER, Physician Assistant,
W. ODOM, Associate Warden**

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING REQUEST FOR REINSTATEMENT OF FIRST AMENDED COMPLAINT
[DKT. NO. 22]; GRANTING MOTION TO ADD EXHIBITS IN SUPPORT OF
OBJECTIONS [DKT. NO. 19]; GRANTING IN PART MOTION TO PROCEED
PURSUANT TO IMMINENT DANGER [DKT. NO. 13]; ADOPTING IN
PART REPORT AND RECOMMENDATION [DKT. NO. 15]; DISMISSING
WITH PREJUDICE CLAIMS PROCEEDING WITHOUT PREPAYMENT OF FEE FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE
GRANTED; DISMISSING WITHOUT PREJUDICE CLAIMS SUBJECT TO
DISMISSAL BASED ON FAILURE TO PAY FILING FEE**

    In this civil rights case, the Court is asked to determine whether the <u>pro se</u> plaintiff, Kareem Milhouse ("Milhouse"), who has filed an application to proceed <u>in forma pauperis</u>, qualifies for the imminent danger exception to the "three strikes" rule prescribed by the Prison Litigation Reform Act of 1996. If he does, the Court also must decide whether his complaint fails to state a claim upon which relief can be granted.

**MEMORANDUM OPINION AND ORDER**

**I.**

Milhouse is an abusive filer,[1] meaning that, while incarcerated, he has filed at least three civil actions or appeals that have been dismissed as frivolous or malicious, or for failure to state a claim upon which relief can be granted. See 28 U.S.C. 1915(g). Accordingly, under § 1915(g), he is barred from prosecuting any lawsuits in federal court without paying the requisite filing fee, unless he can demonstrate "imminent danger of serious physical injury."

Milhouse, who has not paid the filing fee, argues that he qualifies for the exception because prison staff at the United States Penitentiary Hazelton ("USP Hazelton") in West Virginia failed to provide medical treatment for his "Axis 1 mental illness diagnosis of depression." He alleges that such failure has resulted in two suicide attempts.[2] Milhouse seeks $1 million in damages for past misconduct, an injunction against "the B.O.P.'s widespread practice of 'punishment' in lieu of 'treatment' for

---

[1] Milhouse does not dispute this. (Dkt. No. 7 at 7).

[2] Although Milhouse is no longer housed at USP Hazelton, a claim of imminent danger is assessed at the time the complaint was filed. See Chase v. O'Malley, 466 Fed. App'x 185, 186 (4th Cir. 2012) (citing Andrews v. King, 398 F.3d 1113 (9th Cir. 2005); Ciarpaglini v. Saini, 352 F.3d 328 (7th Cir. 2003)).

inmates with mental health issues," and "immediate and permanent removal from federal custody." (Dkt. No. 7 at 10).

In his report and recommendation ("R&R"), the Honorable James E. Seibert, United States Magistrate Judge, concluded that Milhouse does not qualify for the imminent danger exception, and recommended that the Court deny his application to proceed in forma pauperis. He further recommended that Milhouse's claims be dismissed as frivolous. Milhouse has objected to those findings and conclusions.

## II.

### A.

In Smith v. Mayes, 358 Fed. App'x 411, 412 (4th Cir. 2009) (per curiam), the Fourth Circuit vacated in part a district court's judgment that a prisoner's allegations of imminent danger were insufficient to proceed in forma pauperis, explaining:

> Smith alleged in his complaint that Carrie Mayes, the Director of Nurses at his institution, will not provide care for his hepatitis C disease and other liver diseases, and for a "severely painful inguinal hernia," acute edema, and for a "severely painful" herniated disk in his spine, unless he acknowledges the name "Smith" instead of the name "X." Taking Smith's allegations as true, we find he sufficiently established he is in imminent danger of serious physical injury. . . . Because we find Smith sufficiently alleged in his complaint that he was under imminent danger of serious physical injury with respect to the denial of medical treatment, we vacate in part the district court's order and remand with instructions that Smith be permitted to

proceed forth on that claim without prepayment of filing fees.

Here, Milhouse's allegations, when taken as true, are no less sufficient:

> Plaintiff was diagnosed with Axis I Depression, a very serious mental illness which requires medicinal treatment in conjunction with therapeutic counselling [sic] and monitoring. Plaintiff was simply thrown in a cell and plied with several psychotropic drugs; but never received any therapeutic counseling [sic] or monitoring in conjunction with it. . . . A medical doctor at this very facility advised the Defendants in writing, that Plaintiff's mental illness left untreated could lead to death by suicide. Defendants ignored the doctor's warning, and allowed Plaintiff's condition to go untreated; which lead [sic] to two (2) unsuccessful suicide attempts.

(Dkt. No. 11 at 7-9).

That said, Smith also distinguished between allegations of conduct that "threatens continuing or future injury," and allegations that the plaintiff "deserves a remedy for past misconduct." 358 Fed. App'x at 411-12. Only the former category of claims may proceed pursuant to the imminent danger exception. Id. at 412 ("Because Smith's remaining claims do not affect his risk for serious physical injury, we affirm the court's order [dismissing for failure to prepay the filing fee] in part with respect to those claims."); see also Johnson v. Warner, 200 Fed. App'x 270, 272 (4th Cir. 2006) (permitting plaintiff to proceed in forma pauperis, pursuant to imminent danger exception, based on

allegation that he "lives in an atmosphere of constant fear in which he never knows when the next violent assault may occur").

The scope of the injunction sought by Milhouse is unclear. Assuming arguendo that he seeks judicial enforcement of medical treatment by USP Hazelton staff, the remedy, assessed at the time the complaint was filed, is sufficiently prospective to qualify under the imminent danger exception. Nevertheless, none of his other claims seeking compensatory and punitive damages for past misconduct qualifies under the "continuing or future injury" threshold, and Milhouse therefore may not proceed in forma pauperis on those claims and must pay the filing fee.

**B.**

Having determined that Milhouse may only prosecute his claim to enforce medical treatment without paying the filing fee, the Court next must review that claim under § 1915A, which requires dismissal when a prisoner's complaint "fails to state a claim upon which relief may be granted." Of significance is the fact that Milhouse was transferred from USP Hazelton to the United States Penitentiary Lewisburg ("USP Lewisburg") in Pennsylvania sometime before May 1, 2014 (dkt. no. 16), but the named defendants in his various complaints are all staff members at USP Hazelton, and all the actions (or inactions) he complains of occurred at that

5

**MILHOUSE v. O'BRIEN, ET AL.**                                1:14CV56

**MEMORANDUM OPINION AND ORDER**

facility. Accordingly, given Milhouse's transfer, an injunction against those defendants is not available, and he has failed to state a claim upon which prospective relief can be granted. To the extent Milhouse may experience the same alleged lack of medical treatment at USP Lewisburg, he must file a complaint against the appropriate defendants in the appropriate court to obtain relief.

### III.

In conclusion, the Court finds that the majority of Milhouse's complaint does not qualify for the imminent danger exception to the prepayment of a filing fee, and the prospective portion that does so qualify fails to state a claim upon which relief can be granted. For these reasons, the Court:

1. **GRANTS** Milhouse's request for reinstatement of his first amended complaint;

2. **GRANTS** Milhouse's motion to add exhibits in support of his objections to the R&R;

3. **GRANTS IN PART** Milhouse's motion to proceed pursuant to imminent danger, as well as his application to proceed without prepayment of fees, insofar as he alleges a future risk of harm and seeks prospective relief;

4.    **ADOPTS IN PART** the R&R to the extent it recommends that Milhouse not be permitted to proceed in forma pauperis on his claims seeking a remedy for any past misconduct;

5.    **DISMISSES WITHOUT PREJUDICE** that portion of Milhouse's complaint alleging past misconduct because he has failed to pay the requisite filing fee; and

6.    **DISMISSES WITH PREJUDICE** that portion of Milhouse's complaint alleging future risk of harm and seeking prospective relief because he has failed to state a claim upon which such relief can be granted.[3]

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Memorandum Opinion and Order to the pro se plaintiff, return receipt requested, to enter a separate judgment order, and to remove this case from the active docket.

DATED: March 3, 2015.

                                            /s/ Irene M. Keeley
                                            IRENE M. KEELEY
                                            UNITED STATES DISTRICT JUDGE

---

[3] "[A] dismissal for failure to state a claim under § 1915A should be made with prejudice." Fiorentino v. Biershbach, 64 Fed. App'x 550, 553 (4th Cir. 2003) (citation omitted).