```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**KAREEM MILHOUSE,**

      **Plaintiff,**

v.                                  //   CIVIL ACTION NO. 1:14CV56
                                              (Judge Keeley)

**TERRY O'BRIEN, Warden, et al.,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO
SET ASIDE JUDGMENT, TO PROCEED IN FORMA PAUPERIS,
AND TO AMEND OR CORRECT COMPLAINT [DKT. NO. 34]**

Pending before the Court is the plaintiff's motion to set aside the Court's judgment, to proceed IFP, and to amend or correct his complaint (dkt. no. 34). For the reasons that follow, the Court **DENIES** the motion.

### BACKGROUND

On March 31, 2014, the plaintiff, Kareem Milhouse ("Milhouse"), filed a <u>Bivens</u> action, in which he alleged that prison officials had violated his Eighth Amendment rights by failing to provide him adequate medical treatment and proper medication (dkt. no. 1). On April 14, 2014, he filed a motion to proceed pursuant to imminent danger, alleging that, as a result of the defendants' indifference, he was in imminent danger from self-inflicted injury and death by suicide. He claimed that he twice attempted suicide because of depression resulting from death threats from other inmates who believed that Milhouse was a

**MILHOUSE V. O'BRIEN**                                                    **1:14CV56**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO
SET ASIDE JUDGMENT, TO PROCEED IN FORMA PAUPERIS,
AND TO AMEND OR CORRECT COMPLAINT [DKT. NO. 34]**

"snitch." On May 1, 2014, without leave of court, Milhouse filed an amended complaint, naming only two of the original defendants, "Fanning" and Terry O'Brien," and adding a third, "W. Odom, Associate Warden, USP Hazelton" (dkt. no. 7). The amended complaint asserted a lone claim for deliberate indifference and sought injunctive relief in the form of a court order requiring prison officials to provide him with proper treatment, as well as monetary damages of $30,000,000 for his pain and suffering.

In accordance with LR PL P 2, the Court referred this case to the Honorable James E. Seibert, United States Magistrate Judge, who performed the initial screening pursuant to 28 U.S.C. § 1915A. On May 7, 2014, Magistrate Judge Seibert entered a report and recommendation ("R&R"), recommending that the Court deny and dismiss Milhouse's complaint and amended complaint without prejudice as "frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(A(b)(1)" (dkt. no. 15 at 6). The R&R also recommended that the Court deny Milhouse's motion to proceed in forma pauperis pursuant 28 U.S.C. § 1915(g), also known as the "three strikes" rule (dkt. no. 15 at 6). The "three strikes" rule of the Prison Litigation Reform Act ("PLRA") provides that

2

**MILHOUSE V. O'BRIEN**  1:14CV56

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO
SET ASIDE JUDGMENT, TO PROCEED <u>IN FORMA PAUPERIS</u>,
AND TO AMEND OR CORRECT COMPLAINT [DKT. NO. 34]**

prisoners may file civil actions <u>in forma pauperis</u> ("IFP") subject to the following limitation:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is **frivolous, malicious, or fails to state a claim upon which relief may be granted**, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). In support of his recommendation, Magistrate Judge Seibert cited multiple cases brought by Milhouse that were subsequently dismissed as frivolous, malicious, or for failure to state a claim (dkt. no. 15 at 4, nn. 8 and 9).

On March 3, 2015, the Court adopted the R&R in part, but allowed Milhouse to proceed IFP on his claim for injunctive relief requesting future treatment (dkt. no. 24). The Court concluded that Milhouse sufficiently alleged potential continuing or future injury such that he could proceed under the imminent danger exception to the three strike rule. <u>Id.</u> at 3-5 (citing <u>Smith v. Mayes</u>, 358 Fed. Appx. 411, 412 (4th Cir. 2009).

The Court then proceeded to evaluate that portion of Milhouse's complaint alleging future risk of harm and seeking

**MILHOUSE V. O'BRIEN**                                                         **1:14CV56**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO
SET ASIDE JUDGMENT, TO PROCEED IN FORMA PAUPERIS,
AND TO AMEND OR CORRECT COMPLAINT [DKT. NO. 34]**

prospective relief and ordered that it be dismissed with prejudice for failure to state a claim upon which such relief can be granted. Id. at 7. Further, the Court adopted the portion of the R&R recommending that Milhouse not be allowed to proceed IFP on any claims seeking relief for any past misconduct, and dismissed those claims without prejudice. Id. The Court, at that time, was silent on whether the R&R had correctly concluded that the claims seeking relief for any past misconduct were frivolous and had failed to states a claim.  Milhouse appealed the Court's decision to the Fourth Circuit Court of Appeals, which, on June 17, 2015, dismissed the appeal for failure to prosecute (dkt. no. 33).

On February 16, 2017, Milhouse filed the instant motion seeking to set aside the Court's judgment, to proceed IFP, and to amend or correct his complaint (dkt. no. 34).[1] He bases his motion on an unpublished per curiam opinion by the Third Circuit Court of Appeals, decided on February 11, 2016, in which that court

---

[1] Milhouse filed the identical motion in a sister case, 1:14cv16, which contains related claims and which had also been dismissed in part based on the three strikes rule.

4

**MILHOUSE V. O'BRIEN** 1:14CV56

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO
SET ASIDE JUDGMENT, TO PROCEED IN FORMA PAUPERIS,
AND TO AMEND OR CORRECT COMPLAINT [DKT. NO. 34]**

concluded he was not subject to the three strikes rule. Millhouse v. Sage, 639 Fed. Appx. 792, 793 (3rd Cir. 2016).[2]

### DISCUSSION

Milhouse's motion fails for two reasons. First, he failed to move within a reasonable time under Rule 60. In addition, he has had at least three cases dismissed as frivolous, meritless, or for failure to state a claim; consequently, he is subject to the three strikes rule.

**A.   Federal Rule of Civil Procedure 60**

Federal Rule of Civil Procedure 60 provides in pertinent part:

. . .

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

---

[2] The Third Circuit correctly notes that "Millhouse has spelled his last name 'Milhouse' in court filings. Prison records reflect the spelling 'Millhouse.'" Sage, 639 Fed. Appx. at 794, n. 2.

**MILHOUSE V. O'BRIEN** 1:14CV56

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO
SET ASIDE JUDGMENT, TO PROCEED IN FORMA PAUPERIS,
AND TO AMEND OR CORRECT COMPLAINT [DKT. NO. 34]**

    (4)   the judgment is void;
    (5)   the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6)   any other reason that justifies relief.

**(c) Timing and Effect of the Motion**.
    **(1) Timing**. A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.
. . .

**(d) Other Powers to Grant Relief**. This rule does not limit a court's power to:
    (1)   entertain an independent action to relieve a party from a judgment, order, or proceeding;
    (2)   grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
    (3)   set aside a judgment for fraud on the court.

(emphasis in original). Here, Milhouse has moved pursuant to Rule 60(b)(6), 60(d)(2), and 60(d)(3). Subsections (d)(2) and (d)(3), however, are simply inapplicable here. This is not an action of which Milhouse was not aware — he initiated it. Nor is there any suggestion of a fraud on the Court. Thus, the sole question is whether the Court should set aside the judgment based on Rule 60(b)(6), also referred to as the catchall clause.

    Had Milhouse moved pursuant to subsections (b)(1), (b)(2), or (b)(3), he would have been required to do so within one year of the

**MILHOUSE V. O'BRIEN**                                              **1:14CV56**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO
SET ASIDE JUDGMENT, TO PROCEED IN FORMA PAUPERIS,
AND TO AMEND OR CORRECT COMPLAINT [DKT. NO. 34]**

entry of judgment. See Fed. R. Civ. P. 60(c)(1). Because he has moved pursuant to Rule 60(b)(6), however, he is not subject to the mandatory one-year limitation from the entry of the judgment. See Arrieta v. Battaglia, 461 F.3d 861, 865 (7th Cir. 2006) ("[W]e have held that "the first three clauses of Rule 60(b) and the catchall clause are mutually exclusive."). Nevertheless, a motion under the catchall clause "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1).

When evaluating whether a motion is made within a reasonable time, courts should "consider[s] the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." In re Osborne, 379 F.3d 277, 283 (5th Cir. 2004). Moreover, courts should grant relief under Rule 60(b) only in "unique" or "extraordinary circumstances." Id.; Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981) (per curiam). Failure by the movant to allege the extraordinary circumstances that led to the delay is grounds to deny the motion, which will be reviewed only for abuse of discretion. See Supermarket of Homes, Inc. v. San Fernando Valley Bd. of Realtors, 786 F.2d 1400, 1410 (9th Cir. 1986); Ashford, 657 F.2d at 1055.

**MILHOUSE V. O'BRIEN**  1:14CV56

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO
SET ASIDE JUDGMENT, TO PROCEED IN FORMA PAUPERIS,
AND TO AMEND OR CORRECT COMPLAINT [DKT. NO. 34]**

Although the Court entered its final judgment on March 3, 2015, and the decision of the Third Circuit Court of Appeals was entered on February 11, 2016, Milhouse failed to file the instant motion until February 16, 2017, more than a year later — and almost two years after the Court's judgment in this case. The factors strongly weigh against reopening this case.

First, as always, there is a significant interest in the finality of litigation, which would weigh against reopening this case more than two years after the Court entered judgment. Milhouse does not make any attempt whatsoever to explain the reasons for his one year delay in filing the motion following the Third Circuit's decision. Although he could not have learned of the Third Circuit's decision any sooner than its entry on January 11, 2016, this does not weigh in his favor because he chose to do nothing with that information for over a year.[3] Finally, the prejudice factor weighs in favor of denying the motion. Employee turnover at the BOP and spoilation of evidence are just two factors that could seriously

---

[3]Certainly Milhouse was aware that the issue of whether he was subject to the three strikes rule was pending in his Third Circuit appeal, and that it was the basis for the dismissal of this case. One would think that, if he had a meritorious suit for $30,000,000, he would have acted more quickly in moving to attempt to revive such a suit.

**MILHOUSE V. O'BRIEN**                                                  **1:14CV56**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO
SET ASIDE JUDGMENT, TO PROCEED <u>IN FORMA PAUPERIS</u>,
AND TO AMEND OR CORRECT COMPLAINT [DKT. NO. 34]**

hamper any defense by the defendants. Because more than two years have passed since the entry of judgment in this case, and more than three and a half years since the alleged incidents, reopening the case now would seriously prejudice the defendants.

In conclusion, this case does not present any unique or extraordinary circumstances that would warrant setting aside the judgment under Rule 60. <u>See</u> <u>In re Osborne</u>, 379 F.3d at 283. Milhouse's delay has been unreasonably long and his motion is entirely devoid of any effort to explain the reason for his delay. Consequently, the Court **DENIES** the motion (dkt. no. 34).

**B.    Three Strikes Rule**

Even if Milhouse had filed his motion within a reasonable time, the Court would not set aside its judgment. The R&R entered by Magistrate Judge Seibert, and adopted in relevant part by the Court, concluded that the three strikes rule barred Milhouse's claim. Nonetheless, the R&R evaluated the merits of his claims and recommended that they "be denied and dismissed without prejudice as **frivolous and for failure to state a claim, pursuant to 28 U.S.C. §1915A(b)(1)**, and also pursuant to 28 U.S.C. §§1915(g)." <u>See</u> Dkt. No. 43 at 4 (emphasis added).

**MILHOUSE V. O'BRIEN**  1:14CV56

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO
SET ASIDE JUDGMENT, TO PROCEED <u>IN FORMA PAUPERIS</u>,
AND TO AMEND OR CORRECT COMPLAINT [DKT. NO. 34]**

Thus, it is evident that even though the three strike rule barred Milhouse's claims because he had failed to pay the required fees the R&R had effectively waived the fees and proceeded to evaluate the merits of Milhouse's claims. The R&R concluded, and the Court agrees, that those claims were frivolous and failed to state a claim. The three strike bar was no more than an alternative ground for dismissal. Notably, although the Court adopted the R&R insofar as it concluded that Milhouse's claims seeking relief for any past misconduct were barred pursuant to the three strikes rule, it was silent as to the R&R's conclusion that those claims were nonetheless frivolous and failed to state a claim. The Court now takes the opportunity to clarify that oversight and concludes unequivocally that <u>all</u> of Milhouse's claims were frivolous and failed to state a claim upon which relief may be granted.

Also, for clarity's sake, the Court notes that Milhouse is indeed subject to the three strike rule. With due respect to the Third Circuit Court of Appeals, the Court has identified at least three of Milhouse's prior cases that count as strikes. Pursuant to 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

**MILHOUSE V. O'BRIEN**  1:14CV56

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO
SET ASIDE JUDGMENT, TO PROCEED <u>IN FORMA PAUPERIS</u>,
AND TO AMEND OR CORRECT COMPLAINT [DKT. NO. 34]**

> facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is **frivolous, malicious, or fails to state a claim upon which relief may be granted**, unless the prisoner is under imminent danger of serious physical injury.

(emphasis added).

The R&R entered in this case by Magistrate Judge Seibert discussed Milhouse's lengthy history of litigation, including some cases that qualified as strikes (dkt. no. 15 at 4, nn. 8 and 9). While the Third Circuit's decision in <u>Sage</u> concluded that Milhouse was not subject to the three strikes rule (finding that two cases relied on by the lower court did not qualify as strikes, <u>Sage</u>, 639 Fed. Appx. at 794-95), that unpublished opinion is not binding on the Court as there appear to be at least three cases that clearly qualify as strikes.[4]

In <u>Milhouse v. Bledsoe</u>, Civ. No. 1:10-cv-53 (M.D. Pa. Oct. 6, 2010), the district court granted the defendants' motion to dismiss based on "Milhouse's failure to state a claim." The Third Circuit specifically addressed this case in <u>Sage</u>, as it was one of the case relied on by the district court. The Third Circuit concluded, and

---

[4]Although not entirely clear, the Third Circuit's decision in <u>Sage</u> appears to be limited solely to a review of those cases relied on by the district court, without an independent review of the entirety of Milhouse's litigation history.

**MILHOUSE V. O'BRIEN** 1:14CV56

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO
SET ASIDE JUDGMENT, TO PROCEED IN FORMA PAUPERIS,
AND TO AMEND OR CORRECT COMPLAINT [DKT. NO. 34]**

the Court agrees, that this clearly counts as a strike against Milhouse.

In Brown v. Blue, et al.,[5] Civ. No. 3:09-cv-1946 (M.D. Pa. Nov. 10, 2009), the district court dismissed Milhouse's complaint "as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)." Such a dismissal clearly qualifies as a strike. The court there also noted that "[a]ny appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith." Id. at 7. The district court denied a subsequent motion for reconsideration and the Third Circuit dismissed the plaintiffs' appeal for failure to prosecute. Id. at dkt. no. 14.

In Milhouse v. Peoria, et al., Civ. No. 1:10-cv-153 (M.D. Pa. Nov. 22, 2010), the district court dismissed Milhouse's Bivens claims for failure to state a constitutional violation. The court also noted that "[a]ny appeal from this order is deemed frivolous and not in good faith." Id. at 43. Accordingly, this case also qualifies as a strike against Milhouse.

Finally, in Milhouse v. Jordan, et al., 1:09-cv-1365 (M.D. Pa. Feb. 14, 2011), the district court dismissed Milhouse's Bivens

---

[5]Although Milhouse was not listed in the caption of this case, he signed the complaint as an additional plaintiff.

**MILHOUSE V. O'BRIEN**  1:14CV56

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO
SET ASIDE JUDGMENT, TO PROCEED IN FORMA PAUPERIS,
AND TO AMEND OR CORRECT COMPLAINT [DKT. NO. 34]**

action on summary judgment for failure to state a claim. As to his use of excessive force claim, the court concluded that Milhouse "failed to set forth an Eighth Amendment claim with respect to the use of force incident . . . ." Id. at 22. As to his claim of deliberate indifference to serious medical needs, Milhouse "failed to establish a constitutional violation." Id. at 25. And finally, "Milhouse [] failed to state a claim of retaliation." Id. at 27. Consequently, because Milhouse failed to state any valid claim, the court granted the defendants summary judgment. Accordingly, this is another strike against Milhouse. See Blakely v. Wards, 738 F.3d 607, 618 (4th Cir. 2013) (en banc) (holding that suits dismissed at summary judgment as frivolous, meritless, or for failure to state a claim qualify as PLRA strikes).

Ultimately, Milhouse has had at least three cases dismissed as frivolous, meritless, or for failure to state a claim. This does not include multiple other suits in which some claims were similarly dismissed, but in which other claims were not administratively exhausted; such mixed outcome cases do not qualify as strikes under the PLRA.[6] Indeed, Milhouse is precisely the type

---

[6]See Sage, 639 Fed. Appx. at 794 ("A 'dismissal based on a prisoner's failure to exhaust administrative remedies does not constitute a PLRA strike, unless a court explicitly and correctly

13

**MILHOUSE V. O'BRIEN** 1:14CV56

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO
SET ASIDE JUDGMENT, TO PROCEED IN FORMA PAUPERIS,
AND TO AMEND OR CORRECT COMPLAINT [DKT. NO. 34]**

of abusive filer who presses the types of meritless claims that the PLRA was intended to prevent.[7] Because Milhouse has had at least three strikes, the Court declines to set aside its judgment in this case and **DENIES** his motion.

## CONCLUSION

For the reasons discussed, the Court **DENIES** Milhouse's motion to set aside judgment, to proceed in forma pauperis, and to amend or correct complaint (dkt. no. 34).

It is so **ORDERED.**

---

concludes that the complaint reveals the exhaustion defense on its face and the court then dismisses the unexhausted complaint for failure to state a claim.'" (quoting Ball v. Famiglio, 726 F.3d 448, 460 (3d Cir.2013), abrogated in part by Coleman v. Tollefson, 135 S.Ct. 1759, 1763 (2015).

[7]As noted above, this case also qualifies as a strike, as the Court dismissed Milhouse's complaint as frivolous and for failure to state a claim, as does the dismissal of his companion case before this Court at 1:14cv16. Furthermore, It bears noting that Milhouse has continued to accumulate strikes. On February 10, 2017, United States District Judge Sylvia H. Rambo filed a notice in the seven cases initiated by Milhouse that were in front of her alone, indicating that since the Third Circuit's ruling in Sage, Milhouse had earned at least two more strikes. See, e.g., Milhouse v. Ebbert, Civ. No. 1:16-cv-1348, dkt. no. 15 (M.D. Pa. Feb. 10, 2017) (noting that Milhouse had earned two more strikes in Milhouse v. Heath, Civ. No. 15-cv-468 (M.D. Pa. Mar. 19, 2015), and Milhouse v. John Doe 1-3, Judges of the Third Circuit Court of Appeals, Civ. No. 16-cv-146 (M.D. Pa. Jan. 27, 2016)).

**MILHOUSE V. O'BRIEN**   1:14CV56

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO
SET ASIDE JUDGMENT, TO PROCEED IN FORMA PAUPERIS,
AND TO AMEND OR CORRECT COMPLAINT [DKT. NO. 34]**

The Court directs the Clerk to transmit copies of this Memorandum Opinion and Order to counsel of record and the pro se plaintiff, return receipt requested.

DATED: July 28, 2017.

        /s/ Irene M. Keeley
        IRENE M. KEELEY
        UNITED STATES DISTRICT JUDGE

15